## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, SR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:24-CV-00418-JSD |
| EXTENDED STAY AMERICA CORP., | ) ) ) |
| Defendant. | ) ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Sidney Keys, Sr.'s motion for leave to proceed in forma pauperis in this civil action. The Court has reviewed the motion and the financial information provided therein, and will grant the motion. Additionally, for the reasons explained below, the Court will dismiss this action without further proceedings.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or

threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff has filed numerous lawsuits in this Court.  The instant case is one of 12 cases he filed in March of 2024 alone.  He states he sues Extended Stay America Corporation ("Extended Stay") for civil rights violations and racial discrimination.  He alleges as follows.

In 2021, Plaintiff was bitten by a dog at an Extended Stay location in Georgia.  The manager asked Plaintiff to leave, but did not ask the Caucasian dog owner to leave. At a different time, Extended Stay lied to the Maryland Heights Police Department, which affected Plaintiff's custody of his children.  Plaintiff attaches materials he purportedly sent to the FBI and Missouri Governor Mike Parson that appear to relate to child custody, and he also filed documents that purportedly relate to a Missouri Family Court case.  Finally, Plaintiff states the Maryland Heights Extended Stay location evicted him and banned him from staying in any Extended Stay location.

2

**Discussion**

Plaintiff's legal theory is unclear, but as best the Court can tell, he attempts to bring claims pursuant to 42 U.S.C. § 1981.  However, the Complaint and the attached and supplemental documents contain no factual allegations that permit the inference that Plaintiff was subjected to purposeful and intentional racial discrimination, as necessary to state a viable § 1981 claim.  *See General Bldg. Contractors Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982) (discussing § 1981 claims).

Plaintiff states he was told to leave the hotel and the Caucasian dog owner was not, but he does not allege sufficient facts to permit the inference that he was asked to leave because of his race.  He also alleges that Extended Stay evicted him on another occasion and interfered in a child custody matter on yet another occasion, but alleges no facts that would state a plausible claim for relief under § 1981 or any other legal theory.  Finally, while Plaintiff can be understood to allege that Extended Stay employees committed wrongdoing, he alleges nothing to ground an inference that Extended Stay is liable.  In sum, Plaintiff's assertions are speculative and conclusory, and insufficient to state any plausible claim for relief.  *See Iqbal*, 556 U.S. at 678.  Therefore, the Court finds the Complaint fails to state a claim upon which relief may be granted, and will dismiss this action without further proceedings.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's motion seeking the appointment of counsel (ECF No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 4th day of June, 2024.

                                          HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE